# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 9, 2011

No. 10-30681

Lyle W. Cayce
Clerk

MARY ANN LETTER, Individually and as Executrix/Administratrix of the
Estate of Timothy D. Letter; TIMOTHY PATRICK LETTER; JOSEPH JOHN
LETTER; CHRISTOPHER MICHAEL LETTER; JOHN PATRICK LETTER,

Plaintiffs-Appellants

v.

UNUMPROVIDENT CORPORATION; UNUM LIFE INSURANCE
COMPANY OF AMERICA; UNUM GROUP, formerly known as
UnumProvident Corporation,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:02-CV-2694

Before GARWOOD, GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Timothy Letter ("Decedent") was an employee of PepsiAmericas, Inc.
("Pepsi").  Defendant Unum Life Insurance Company of America ("Unum")
issued a group insurance plan ("Plan") to Pepsi that included both life insurance
coverage and coverage for accidental death and dismemberment ("AD&D").

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-30681

Decedent's estate and several family members ("Plaintiffs") seek to recover AD&D benefits under the Plan. Unum and the Plaintiffs filed cross-motions for summary judgment. The district court denied the Plaintiffs' motion and granted Unum's, concluding that the Plaintiffs were not entitled to recover AD&D benefits. The Plaintiffs appeal. For the following reasons, we AFFIRM.

I

While Decedent was employed by Pepsi, he participated in the Plan. When he stopped working due to disability, he stopped paying premiums. Some time later he died, and his wife, Mary Ann Letter ("Mrs. Letter") filed a life insurance claim under the Plan. Unum determined that Mrs. Letter was entitled to life insurance benefits under a "waiver of premium" term in the Plan's life insurance provisions. The waiver of premium provides that in the event the insured becomes disabled while covered under the policy, Unum will waive the premiums for as long as the insured is disabled. Accordingly, Unum paid life insurance benefits under the Plan, despite the Decedent's failure to pay premiums for the period while he was disabled. Plaintiffs then provided the Decedent's medical records to show that his death was accidental and to recover AD&D benefits. Unum denied AD&D benefits because, *inter alia*, the AD&D portion of the policy did not provide for a waiver of premiums.

The Plaintiffs sought to compel payment of the AD&D claim by amending the complaint in this case, which was already pending in district court.[1] The parties submitted cross-motions for summary judgment. The district court granted Unum's and denied the Plaintiffs', concluding that Unum did not abuse

---

[1] Originally, the Decedent himself had filed an action to compel payment of disability benefits. After Letter's death, the Plaintiffs filed a motion to substitute parties, which the district court granted. The originally contested disability benefits were posthumously paid and are not at issue in this appeal.

No. 10-30681

its discretion in concluding that the waiver of premium provision applied only to the life insurance portion of the Plan.  This appeal followed.

## II

The Plaintiffs argue that the district court erred by concluding that Unum acted within its discretion in denying the claim for AD&D benefits.  They argue that the Plan did not clearly establish that the waiver of premium provision applied only to the life insurance coverage, and that the Plan should be construed against Unum as the drafter.  Unum counters that the life insurance and AD&D portions of the Plan were clearly delineated, and that the waiver of premium provision applied only to the life insurance coverage.  Unum contends that it therefore acted within its discretion in construing the Plan, and that it was therefore entitled to summary judgment.

We review a district court's grant of summary judgment de novo.  *Hanks v. Transcont'l Gas Pipe Line Corp.*, 953 F.2d 996, 997 (5th Cir. 1992).  "The party moving for summary judgment must establish that there are no genuine issues of material fact. 'Once the moving party makes that showing, however, the burden shifts to the nonmoving party to show that summary judgment is not appropriate.'" *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001) (quoting *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991)).  "Thus, to defeat a motion for summary judgment, the nonmoving party must 'go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

The parties agree that the Plan is covered by the Employee Retirement Income Security Act ("ERISA"). Where, as here, a benefit plan gives an administrator discretionary authority to construe the plan's terms and render benefits decisions, the district court reviews the factual and legal determinations

No. 10-30681

of the administrator for abuse of discretion only. *Holland v. Int'l Paper Co. Ret. Plan*, 576 F.3d 240, 246 (5th Cir. 2009). To establish the terms of the Plan, the parties have introduced a lengthy document that refers to itself as the "Summary of Benefits." The Summary of Benefits contains a number of different sections, including ones setting forth the specific terms of life insurance and AD&D coverage. The waiver of premium provision appears in the life insurance section, but it does not appear in the AD&D section. The waiver is referred to as a "life insurance premium waiver." The obvious implication is that a waiver is available for the life insurance coverage and not for AD&D coverage. Unum's interpretation is sound.

The Plaintiffs argue next that the terms of the Plan are inconsistent with what they have identified as the summary plan description. ERISA provides that

> [a] summary plan description of any employee benefit plan shall be furnished to participants and beneficiaries as provided in section 1024(b) of this title. The summary plan description shall include the information described in subsection (b) of this section, shall be written in a manner calculated to be understood by the average plan participant, and shall be sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan.

29 U.S.C. § 1022(a). A policy and a summary plan description are "two distinct documents." *Hansen v. Cont'l Ins. Co.*, 940 F.2d 971, 981 (5th Cir. 1991). We have held "that the summary plan description is binding, and that if there is a conflict between the summary plan description and the terms of the policy, the summary plan description shall govern." *Id.* at 982. The Plaintiffs argue that the summary plan description they have identified does not adequately inform a policyholder that coverage can be lost when the covered employee becomes disabled.

4

No. 10-30681

As a threshold matter, however, Unum disputes whether the pages on which the Plaintiffs rely are the summary plan description for the Plan.  Unum points out that the Plaintiffs have identified only a few pages of the much longer Summary of Benefits described above.   Plaintiffs have, Unum suggests, misidentified a section that was intended to provide certain ERISA-required information, but not to serve as a stand-alone summary plan description.  Unum points out that the Plaintiffs have provided no affidavits or other evidence to suggest that the pages they have identified were distributed to the Decedent or any other Pepsi employees as a summary plan description.  Unum, in contrast, provided an affidavit by an Unum senior contract specialist explaining that the section was not intended as a stand-alone description of all the terms and provisions of applicable coverage.

The Plaintiffs reply that it is clear, from the face of the disputed section of the Summary of Benefits, that that section is the summary plan description. In particular, the Plaintiffs cite the heading of that section, which reads:

ERISA

SUMMARY PLAN DESCRIPTION

The heading, however, should not be considered in isolation.  The table of contents identifies the disputed section not as a summary plan description, but merely as "ERISA"—a denomination consistent with Unum's reading of the section as merely conveying certain ERISA-required information.[2]  The section, moreover, omits key information, such as basic eligibility criteria, that must be included in a summary plan description.  *See* 29 U.S.C. § 1022(b).  A review of the section confirms that it is by no means a comprehensive summary.  It reads like a mix of miscellaneous details, not a description intended to be "sufficiently . . . comprehensive to reasonably apprise . . . participants and beneficiaries of

---

[2] Similarly, the pages are numbered "ERISA-1" to "ERISA-4."

their rights and obligations under the plan." 29 U.S.C. § 1022(a).  In the face of Unum's affidavit establishing that the section was not intended to stand alone, and the fact that the content of the section seems to confirm that characterization, the heading does not by itself create a disputed issue of material fact with regard to whether that section was the summary plan description.  We accordingly need not consider the argument that it was inconsistent with the policy.

## III

For the foregoing reasons, the judgment of the district court is AFFIRMED in all respects.